Depass v. Esther Winter.

No. 3261.—SAMUEL DEPASS *v.* ESTHER WINTER.

This action was commenced by the husband for a separation from bed and board, on account of cruel treatment. The wife pleaded the general issue, and demanded in reconvention an absolute decree of divorce, on the ground of the adultery of the husband. On the trial the plaintiff failed to establish the allegation of his petition for separation while the defendant clearly made out a case of adultery against the plaintiff, her husband.

Held—That the plaintiff's petition must be dismissed, and that the prayer of the wife in reconvention must be granted, that a judgment of divorce *a vinculo matrimonii* must be granted in her favor and against her husband.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *J. J. E. Planchard,* for plaintiff and appellee. *Hudson & Fearn,* for defendant and appellant.

HOWE, J. Action for separation from bed and board on account of cruel treatment. Defense, a general denial, and a demand in reconvention for an absolute divorce on the ground of the adultery of plaintiff. Judgment for plaintiff, and appeal by defendant.

It is not necessary to rehearse at length the testimony. Much of it might make the unskillful laugh, but there is more to make the judicious grieve. The parties are upwards of sixty years of age and have been married nearly thirty years. Much of the testimony adduced by plaintiff refers to a period of from twelve to fifteen years prior to the time when he left the matrimonial domicile and commenced this action on the ground of "cruel treatment." One of these witnesses who knows nothing of what occurred after about 1853–54, some sixteen years before the suit was filed, gives his views at great length, and declares with oracular gravity that the wife made the life of the husband "insupportable," because she was in the habit of getting up very early and making a noise by scrubbing the banquet and performing other acts of domestic industry. The other witnesses on whom plaintiff relies, were neighbors for a few days only before the action was commenced. They prove that there was a quarrel between the parties just before the husband left the house; and the testimony for the defense shows a very natural reason for it. It shows clearly that the plaintiff had been living in the most shameless adultery with a kept mistress for several years, and had been lavishing upon her the earnings of his trade which should have gone into the community; and that the defendant only learned this fact a few days before this suit was brought. The plaintiff does not clearly establish a cause of action; while the defendant proves the foundation of her reconventional demand beyond all doubt.

The plaintiff pleads to the charge of adultery the prescription of one year; but its application is not perceived.

He also urges that the wife has condoned the offense, but it must be remembered that condonation of this kind, on the part of a wife, is not for obvious reasons to be established without grave and conclusive proof.

Depass v. Esther Winter.

In this case there is no proof. Indeed, as already stated, it appears quite clearly that the defendant first heard of the offense a few days before this action was begun, and the inference is fair that it was this revelation of her husband's infidelity which provoked the only important quarrel disclosed by the record.

It is therefore ordered that the judgment appealed from be reversed, that there be judgment in favor of the defendant Esther Winter and against the plaintiff Samuel Depass dismissing his petition and sustaining her reconventional demand; that the marriage heretofore contracted between the parties and the community of property be dissolved; that the inventory taken herein be homologated and made the basis of a partition of the community property; and that for the purpose of making a partition in accordance with such basis the cause be remanded to the lower court; the plaintiff to pay costs.